IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-50,791-02 & WR-50,791-03






EX PARTE JOHN REYES MATAMOROS








ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 643410-B IN THE 180TH JUDICIAL DISTRICT COURT


HARRIS COUNTY





 Per Curiam. PRICE, J., filed a dissenting statement as to WR-50,791-02, in
which johnson, j., joined.


O R D E R



 Applicant was convicted of the offense of capital murder in November 1992. The jury
answered the special issues submitted under Article 37.071 of the Texas Code of Criminal
Procedure, and the trial court, accordingly, set punishment at death. The conviction was
affirmed on direct appeal. Matamoros v. State, 901 S.W.2d 470 (Tex. Crim. App. 1995). 
Applicant's initial writ, Ex parte Matamoros, No. WR-50,791-01, was denied on December
5, 2001. Applicant's first subsequent writ application, Ex parte Matamoros, No. WR-50,791-02, in which he claimed that his execution would violate the Eighth Amendment's
prohibition against the execution of the mentally retarded, was denied on June 13, 2007. 
Applicant again claimed that he was mentally retarded and that his execution would violate
the Eighth Amendment in his second subsequent writ application, Ex parte Matamoros, No.
WR-50,791-03, which was received in this Court on August 24, 2011. 

 After the United States District Court for the Southern District of Texas denied federal
habeas relief, Applicant sought a certificate of appealability from the United States Court of
Appeals for the Fifth Circuit. The Fifth Circuit entered an order staying those proceedings
to allow Applicant to return to state court to present his claim. See Matamoros v. Thaler, No.
10-70016 (5th Cir. June 20, 2011). 

 This Court denied Applicant's Atkins claim in 2007, after Dr. George Denkowski
testified for the State at the hearing on the -02 writ application. See Atkins v. Virginia, 536
U.S. 304 (2002). In April 2011, Denkowski entered into a Settlement Agreement with the
Texas State Board of Examiners of Psychologists, in which his license was "reprimanded." 
Pursuant to this Settlement Agreement, Denkowski agreed to not accept any engagement to
perform forensic psychological services in the evaluation of subjects for mental retardation
or intellectual disability in criminal proceedings. Applicant thereafter submitted a suggestion
that this Court "reconsider on its own initiative" its denial of his Atkins claim in the -02 writ
application. On December 14, 2011, we exercised our authority to reconsider the -02 writ
application on our own initiative, and we remanded it to allow the trial court the opportunity
to re-evaluate its initial findings, conclusions, and recommendation in light of the Denkowski
Settlement Agreement. 

 On March 30, 2012, the trial court signed an order adopting the State's Amended
Proposed Findings of Fact and Conclusions of Law which recommended that relief be
denied. We have reviewed the record and the March 30, 2012 findings of fact and
conclusions of law. Based upon the trial court's findings and conclusions and our own
review, we deny relief on the -02 writ application. Because of the denial of the -02 writ
application, the -03 writ application is dismissed as moot.

 IT IS SO ORDERED THIS THE 3RD DAY OF OCTOBER, 2012.


Do Not Publish